617

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ULYSSES WILLIAMS, Defendant-Appellant.
Third District   No. 82—604

Opinion filed February 15, 1983.

HEIPLE, J., dissenting.

Robert Agostinelli and Charles W. Hoffman, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:
Following his guilty plea to the offense of voluntary manslaughter, the defendant, Ulysses Williams, was sentenced to five years' imprisonment. The defendant's motion to vacate his plea of guilty and for reconsideration of his sentence was denied.

In this appeal, the defendant raises only one issue: whether the trial judge abused his discretion in sentencing the defendant by arbitrarily denying him probation. The defendant bases his claim on certain language used by the trial judge during the sentencing hearing and the hearing denying the defendant's motion to reconsider the sentence. We have read that language, as well as the entire transcript of both hearings, and find that the defendant was arbitrarily denied probation.

The factual basis for the defendant's guilty plea established that the 73-year-old defendant was living in a trailer with 83-year-old Joseph Daniels, the victim, Daniels' grandson, and Lucy Wright, the defendant's girlfriend. Daniels and the defendant argued about some

real property Daniels was buying from the defendant. According to the defendant's testimony, Daniels began cursing and raving and walked down the hallway toward his bedroom. The defendant got a .12-gauge bolt action shotgun and shot Daniels because he believed Daniels was going to obtain a gun and shoot him. There was some dispute regarding the distance from which the defendant shot Daniels, the defendant claiming the distance was 12 to 15 feet, while the examining physician stated that the weapon was held against, or close to, the victim's abdomen.

At his sentencing hearing, the defendant acknowledged that he had been convicted of armed robbery in 1934 and had two prior convictions for driving under the influence of intoxicating liquor. He also testified that he had suffered from a heart condition since 1931 but stated that it had gotten worse as he got older.

Voluntary manslaughter was a Class 2 felony at the time of the defendant's conviction, punishable by a term of probation or by a sentence of imprisonment of three to seven years. (Ill. Rev. Stat. 1981, ch. 38, pars. 9—2(c), 1005—6—2, 1005—8—1.) In sentencing the defendant to a five-year term of imprisonment, the trial judge remarked:

"THE COURT: Mr. Williams, you have entered a plea of guilty to a charge of Voluntary Manslaughter. Voluntary Manslaughter—under the laws of this State—is a Class 2 felony providing a penitentiary sentence of three, four, five, six or seven years. There are provisions in the Statute for extended terms. You will not qualify on extended term.

The Court is aware of your superior age which is some 73 years. Court is aware of the fact that you are suffering a medical condition.

Your testimony in this case would have indicated that the distance from which you fired this weapon was in excess of twelve feet. My recollection is you said further than that. You indicated this dispute was going on with Mr. Daniels, who is not here to tell us what happened. You have, Mr. Williams, taken the life of another person. It seems to me that there are a lot of other ways that you could have avoided this particular incident. There is—it was a fight over property which is generally useless anyway. Not the kind of thing you shoot somebody over unless it's a personal parking lot.

The Court cannot sit here and sentence women to the penitentiary for shooting other women or other men. [*Sic.*] We have done away with that prejudice in the law. We now send women

to jail equally with men. I cannot send the young and not the old. It is the judgment of this Court and the sentence of this Court that you be hereby sentenced to a term of five years in the Department of Corrections, State of Illinois."

In denying the defendant's motion to reconsider the sentence, the judge stated:

"THE COURT: All right. Larry, everything that you have said was thought of. I didn't sentence Mr. Williams out of anger on a given day or because the Sox lost a game the night before, because it was raining or the sun was shining or whatever, as the psychologists will tell you Judges in sentencing would indicate is the problem. I thought about the case itself. The facts. The evidence. The physical evidence. Apparently my interpretation of the physical evidence does not indicate that this incident occurred as explained by this Defendant.

This particular offense was reduced to voluntary manslaughter. The same as a burglary on the classification on the number of years for sentencing. It seems a little bizarre to send someone to the penitentiary for five years for burglary and someone on a voluntary manslaughter gets probation or gets a lesser sentence. I felt that given the crime, that it was a fair sentence. I do not find any basis for vacating the plea. And I find no basis at this time to reduce the sentence."

These statements, even when read in conjunction with the complete transcript, remain ambiguous. Thus, we cannot say, based solely on the transcripts, that the trial judge arbitrarily denied the defendant probation. However, we must consider other remarks by the same trial judge in sentencing hearings both before and after the present defendant was sentenced.

In the case of People v. Caroline Scott (Kankakee County, No. 79—CF—270), which involved a woman who entered a plea of guilty to voluntary manslaughter, the trial judge explicitly stated his unwillingness to grant probation in any case in which life was taken:

"The Court makes—at least this Judge has taken a position most recently that if you kill someone, you are going to go to the Penitentiary. I have imposed a Penitentiary sentence, I believe, in every killing case since we have terminated the plea agreement situation that previously existed."

Although the trial judge went on to say that his position would be changed in the case concerning Scott and he subsequently sentenced her to four years' probation, it is obvious that an arbitrary policy was in effect to deny probation to any defendant convicted of killing an-

other.

The sentencing hearing in People v. Caroline Scott was held on June 4, 1982, eight days after the sentencing of Ulysses Williams. Thus, we cannot ignore the possibility that the sentence imposed upon Williams was arbitrarily given to comport with the trial judge's stated policy.

Based on the same reasoning, this court issued a modified order in the case of *People v. West* (1982), 106 Ill. App. 3d 1161 (Rule 23 order), vacating the defendant's sentence and remanding the cause with directions. The defendant in *West*, sentenced on October 23, 1981, was given a six-year term of imprisonment by the same trial judge upon his voluntary manslaughter conviction. Likewise, in the present case, we are compelled to vacate the defendant's sentence in the interest of fairness and justice. Although we are reluctant to disturb the considerable discretion accorded trial court judges in the matter of sentencing, we cannot say that the sentence imposed here was not an abuse of that discretion given the publicly stated policy of the trial judge.

Accordingly, we affirm the judgment of the circuit court of Kankakee County, vacate the defendant's sentence and remand this cause for a new sentencing hearing before a different judge.

Affirmed, sentence vacated and cause remanded.

STOUDER, J., concurs.

JUSTICE HEIPLE, dissenting:

The sole issue here is whether under the circumstances of this case, the trial court arbitrarily denied the defendant probation. The law requires that sentence be imposed based upon consideration of the nature and circumstances of the offense and the history, character and condition of the offender. Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—1(1).

The majority has quoted comments made by the judge before he sentenced the defendant. These comments demonstrate that the judge was considering the age and health of the defendant as well as the nature and circumstances of the offense. Indeed, the majority candidly admits that based solely on these comments, it cannot be said that the trial judge arbitrarily denied the defendant probation. But instead of confining their consideration to the record in this case, the majority reaches out to two other cases in which the same judge demonstrated a general unwillingness to impose a sentence of probation

in homicide cases. They are *People v. West* (1982), 106 Ill. App. 3d 1161 (Rule 23 order), and People v. Caroline Scott (Kankakee County, No. 79—LF—270). Those cases are not only irrelevant, they do not stand for the proposition claimed. In People v. Caroline Scott, probation was, in fact, imposed. Regardless of what this judge may have said or done in other proceedings, however, the record in the case before us demonstrates a reasonable exercise of discretion.

The court found that the 73-year-old defendant killed another man by shooting him with a shotgun at point blank range. In the judge's mind, such conduct warranted a prison term rather than probation. Relying on these facts, the judge felt that he could not impose a sentence of probation solely because of the defendant's age and health.

With regard to this particular defendant, the record before us provides ample support for a five-year sentence. To conclude that the sentence was arbitrary based on consideration of comments made by this judge in unrelated cases is beyond the proper scope of review. Moreover, the ruling is pernicious to the administration of justice. It results in a judicial defrocking of Judge Michela. Its import is that Judge Michela may, in the future, sentence homicide defendants to probation but not to prison. This is an unwarranted boon to such defendants, an improper restraint on Judge Michela and an affront to the public and the administration of justice. Therefore, I respectfully dissent.