THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RALPH HALSALL, Defendant-Appellant.

Third District    Nos. 3—88—0276, 3—88—0277 cons.

Opinion filed January 10, 1989.

618

Kenneth M. Collinson, of Collinson & Darrow, of Milan, for appellant.

Larry VanDerSnick, State's Attorney, of Cambridge (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

On March 29, 1988, the defendant, Ralph Halsall, was found guilty in a jury trial for driving under the influence of alcohol and improper lane usage. The defendant appeals from his convictions and sentence. We reverse.

Cambridge police officer Thomas Wiley testified that on the evening of December 4, 1987, he observed the defendant's vehicle make a right turn onto an unmarked street. The defendant turned onto the left-hand side of the road so that his car was completely in the opposite lane of traffic. The car slowly drifted back into the right lane. Officer Wiley followed the defendant onto Illinois Route 81, which was marked with a center line. While within the city limits the defendant drove his vehicle once across the center line and, after increasing his speed to an estimated 70 miles per hour, crossed the center line two more times. When the defendant crossed the center line, approximately one-half of his car was over the line.

Officer Wiley said that he turned on his flashing light and the defendant pulled over. The defendant appeared to have been drinking, so the officer asked him to perform some field sobriety tests. The defendant failed the tests.

■ The defendant argues on appeal that he was not proved guilty beyond a reasonable doubt of improper lane usage. The defendant contends that there was no evidence that when he moved outside the lane he did so without determining that the movement could be made safely.

Section 11—709(a) of the Illinois Vehicle Code, which prohibits improper lane usage, states that a vehicle on a divided roadway shall be driven within a single lane as nearly as possible and shall not be moved from the lane until the driver has determined that the movement can be made safely. Ill. Rev. Stat. 1987, ch. 95½, par. 11—709(a).

There was no evidence that when the defendant moved outside of his lane he endangered himself, pedestrians, or other vehicles. Accordingly, we find that the State failed to prove that when the defendant moved outside of his lane he did so without first determining that the movement could be made safely.

■ The defendant also argues on appeal that the trial judge abused his discretion in sentencing. The defendant contends that the trial judge was predisposed against granting supervision to offenders convicted of driving under the influence and that the judge acted arbitrarily in denying the defendant supervision.

At sentencing, after the defendant requested supervision the trial judge made the following comment:

"I don't like to take the heat of someone else's having driven on the highways under the influence of alcohol. Why should the bench take the heat for that? The public is just upset with people driving on the highways under the influence of alcohol. And I don't see any reason why they shouldn't have a conviction for it. And if a second conviction comes up the penalty will· be stiffer and third you're almost certain to go to jail when that happens and I'm talking about D.U.I. where there's no accident, no property damage and no personal injury.

So I understand the hardship that's imposed from entering a conviction but I don't see why the Judge should be asked to help him escape from the consequences. If that's what he— What he did and that's what the jury said he did and then I think he should have a conviction. I'm not saying that he should go to jail. I don't know why he's entitled to Court supervision, as someone would do if they came in. I haven't even accepted plea negotiations on that, Mr. Collinson."

Upon defense counsel's questioning whether the judge believed that no offender convicted of driving under the influence should get supervision, the judge stated:

"I'm just saying that I haven't found a court case yet that I have granted but I don't hear too many of these you know. Most of those are handled by the associate judges. But I've had cases where negotiated pleas are presented to me that contemplate a plea of guilty and make a finding and enter an order of Court supervision and I have declined those because of what I consider to be the seriousness of this. As long as the State is here arguing that that's what we want is a conviction I think they're entitled to a conviction. If they tell me that I'm not insisting on a conviction then I'll consider your request."

The judge then sentenced the defendant to one year of probation, participation in an alcohol education program, and a $500 fine.

Although a trial judge has broad discretion in sentencing, he should not impose a sentence arbitrarily nor should he superimpose his personal belief in the severity of the crime charged. *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168; *People v. Williams* (1983), 112 Ill. App. 3d 617, 445 N.E.2d 931.

The trial judge's comments indicate that it was virtually certain that no defendant convicted of driving under the influence would receive supervision. Nor did the trial judge give due consideration to the factors that may warrant supervision.

Accordingly, we reverse the judgment of conviction for improper lane usage. We affirm the defendant's conviction for driving under the influence but vacate the sentence imposed for such offense and remand this case to the circuit court of Henry County for a new sentencing hearing before a different judge.

Reversed and remanded.

WOMBACHER and SCOTT, JJ., concur.