ANGELA WHITEHURST *et al.*, Plaintiffs-Appellants, *v.* SUE E. BAUER, Defendant-Appellee.

Fourth District　No. 13327

Opinion filed February 3, 1977.

Bennett, Willoughby & Latshaw, of Decatur (K. Michael Latshaw, of counsel), for appellants.

John K. Greanias, of Greanias, Booth, Greanias & Burton, of Decatur, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

Personal injury case. Plaintiffs Whitehurst appeal from a judgment for defendant Bauer on a jury's verdict. They contend on appeal that IPI Civil Instruction No. 1.03 on circumstantial evidence was refused improperly, that an instruction regarding a statutory violation was wrongly refused, and that the verdict was against the manifest weight of the evidence.

The facts are these. Bauer was driving her car in the eastbound lane of a two-lane street when she saw plaintiff, Angela L. Whitehurst, age 9, enter such lane and pause momentarily without looking in her direction. To miss Angela, defendant swerved into the westbound lane. Simultaneously, Angela continued to cross the street and was hit by the left front fender of defendant's car in the westbound lane. After first sighting Angela, defendant began braking, but did not sound her horn. There were no obstructions such as parked cars along the side. Pavement dry, visibility good, street lights on. The time, 6:30 p.m., October 19, 1973. At more or less the same time that she saw Angela, defendant also noticed other children near her on the right side of the roadway. Angela did not attempt her crossing in a crosswalk or at an intersection. At the time she first noticed Angela and the other children, defendant was driving within the speed limit. Skidmarks were not observable following the accident. Defendant was the only eyewitness and this was her testimony. Angela remembered nothing about the incident.

Another witness heard the screech of tires. A police officer testified that debris from the collision was some 10 to 13 feet from the point of impact. An investigator testified as to various distances between fixed points. Bauer's testimony at trial differed in some respects from her pretrial deposition, and we will assume for the purposes of this opinion that the measurements alluded to are somewhat at odds with her deposition.

■■ In this evidentiary context, should an instruction on circumstantial

evidence be given? Such instruction reads (Illinois Pattern Jury Instructions, Civil, No. 1.03 (2d ed. 1971):

> "A fact may be proved by circumstantial evidence. Circumstantial evidence consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the facts sought to be proved."

No one argues the proposition that if evidence in a case is entirely direct, no instruction on circumstantial evidence need be given. The cases in support are legion. Arguably, the measurements, lack of skidmarks, the silent horn, might be said to be circumstantial evidence as they were not put in for their own sake, so to speak, but rather to "give rise to a reasonable inference"—*i.e.*, screeching brakes might raise an inference of speed, the silent horn (like the Sherlock Holmes dog who failed to bark in the night) might raise here, among others, an inference again of speed or failure to keep a proper lookout, as would the measurement evidence, which in addition might raise an inference of failing to keep the automobile under control. But here, these "circumstances" are compatible with defendant Bauer's testimony; or to put it another way, there is no material conflict between Bauer's testimony and such evidence. The facts were all before them—and these facts were direct evidence. From them they came to their verdict—the ultimate "fact" one might say, by a process of logical inference or deduction.

■■ Plaintiffs argue, however, that because the "circumstantial evidence" was at odds with defendant's deposition, the instruction should have been given. But if this is the reason, then the "circumstantial evidence" offered (and admitted) was not for the purpose of giving "rise to a reasonable inference of the truth of the facts sought to be proved," but rather to bring into question the credibility of defendant—*i.e.*, to render her testimony incredible. Evidence which engenders an argument as to the credibility of a witness is thus, in that sense, not circumstantial evidence. In any event, here the failure to give such an instruction (and it would not have been error if it had been given) could not possibly have prejudiced the Whitehursts. Other instructions told the jury to consider evidence of inconsistent testimony together with all facts and circumstances and, of course, to take all facts and circumstances into account in coming to their verdict. Accordingly, the refusal to give the instruction was not reversible error.

■■ Next, Whitehursts object to the refusal of an appropriate instruction regarding the statutory requirement as to lane usage which reads that where a roadway is divided into two lanes, a vehicle should not leave one for the other until such can be done with "safety." (Ill. Rev. Stat. 1973, ch. 95½, par. 11—709(a).) The proffer was properly refused. Swerving into another lane to avoid hitting a child could not possibly

constitute a violation of this section. Indeed, doing such is not only basic common sense but is very much in keeping with the concept of "safety" as that word is used in that section of the statute.

■■ We think a jury could properly conclude that Bauer did all she could to avoid hitting the child and in doing so she was not negligent. As the trial judge correctly observed, it was "purely fortuitous" that the child kept on going, rendering the accident, in the jury's view, unavoidable. Accordingly, the judgment appealed from is affirmed.

Affirmed.

GREEN, P. J., and REARDON, J., concur.