THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM ZIELINSKI, Defendant-Appellant.

First District (3rd Division)    Nos. 79-265, 79-695 cons.

Opinion filed December 3, 1980.

John M. Cutrone and Santo J. Volpe, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, James S. Veldman, and Alphonse R. Tomaso, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE RIZZI delivered the opinion of the court:

In a bench trial, defendant, William Zielinski, was found guilty of rape, unlawful use of weapons and unlawful restraint. He was sentenced to concurrent terms of four to five years for rape and one to three years for deviate sexual assault and unlawful use of weapons. On appeal, he contends that the trial court improperly denied his pretrial motion to suppress as evidence a gun, knives and a can of Mace. We affirm.

At a hearing on the pretrial motion, a police officer testified that he and another officer received a radio bulletin regarding a possible rape suspect in a dark Cadillac with a partial license plate number of 6869. Later, the police officers received another description of the car and the rape suspect from the victim's husband. The victim's husband, who stated his wife had been raped at knifepoint, described the car as a maroon Cadillac with license number PK 6890. He described the driver as a male with a mustache. After making a radio communication to obtain the registration of the vehicle, the officers were informed that the car was owned by defendant, William Zielinski.

According to the officer, as the officers were proceeding to defendant's address, they noticed a dark Cadillac with license number PK 6890. The officers turned on the Mars light and the spotlight, and the Cadillac stopped. The officers approached defendant's car with their revolvers drawn and ordered defendant out of his car. As defendant was getting out, one of the officers noticed a black pouch on defendant's belt. The officers made a protective search and found a knife in the pouch. Defendant was handcuffed and placed in the police car. While defendant was in the police car, one officer went to close the door of defendant's car so that it would not be hit by an oncoming car. While closing the door, he observed a sawed-off shotgun lying on the backseat. The officer then searched the car and recovered another knife and a can of Mace from the glove compartment.

Defendant also testified at the hearing on the motion to suppress. He stated that he stopped his car when he saw a police car with flashing lights behind him. As he stepped out of his car and closed the door, he saw two police officers coming towards him, one of whom had his gun drawn. The officers pushed him against his car, put handcuffs on him and searched him. Defendant testified that he did not have a knife on his person. He stated that there was a knife and a dismantled shotgun in a closed bag on the front seat of his car and a knife in a tool box in the trunk of his car. The motion to suppress was denied.

Defendant argues that the police officer did not have probable cause to stop his car and arrest him. The State maintains that the initial stop of defendant's car was a valid investigatory stop and that the officers subsequently obtained probable cause to arrest defendant. We agree with the State.

■■ In a proper case, a police officer may stop a person in order to investigate possible criminal behavior. (*Terry v. Ohio* (1968), 392 U.S. 1, 22, 20 L. Ed. 2d 889, 906, 88 S. Ct. 1868, 1880; see *People v. Holdman* (1978), 73 Ill. 2d 213, 221, 383 N.E.2d 155, 158; Ill. Rev. Stat. 1975, ch. 38, par. 107—14.) In order to be a valid investigatory stop, there must be specific facts which, together with inferences from those facts, justify the stop. (*Terry*, 392 U.S. 1, 21, 20 L. Ed. 2d 889, 905-06, 88 S. Ct. 1868, 1879-80; *People v. Rose* (1979), 75 Ill. App. 3d 45, 50, 393 N.E.2d 698, 703.) The officer's conclusion must be based on more substantial facts than would support a mere hunch, but on less substantial facts than those needed to support a finding of probable cause. (*People v. McGowan* (1977), 69 Ill. 2d 73, 77-78, 370 N.E.2d 537, 539; *People v. Gunderson* (1978), 66 Ill. App. 3d 516, 522, 383 N.E.2d 1296, 1301.) The objective standard to be used is whether the facts warrant a man of reasonable caution in believing that the action was appropriate. *Terry*, 392 U.S. 1, 21-22, 20 L. Ed. 2d 889, 905-06, 88 S. Ct. 1868, 1879-80; *Gunderson*, 66 Ill. App. 3d 516, 522, 383 N.E.2d 1296, 1301; *People v. Moorhead* (1974), 17 Ill. App. 3d 521, 526, 308 N.E.2d 381, 384.

■■ Here, we believe that the radio bulletin coupled with the information provided by the victim's husband carried enough indicia of reliability to justify the stop. For a valid investigatory stop, the information relied upon does not have to meet the tests required for an arrest or search warrant. (*Adams v. Williams* (1972), 407 U.S. 143, 147, 32 L. Ed. 2d 612, 617-18, 92 S. Ct. 1921, 1923-24; *People v. Martin* (1977), 46 Ill. App. 3d 943, 953, 361 N.E.2d 595, 602.) Rather, the information must have an indicia of reliability. (*Adams*, 407 U.S. 143, 147, 32 L. Ed. 2d 612, 617-18, 92 S. Ct. 1921, 1923; *Martin*, 46 Ill. App. 3d 943, 953, 361 N.E.2d 595, 602.) Therefore, when the officers observed a car and driver which met the descriptions provided to them, they were justified in stopping the car to investigate possible criminal behavior.

■■ Defendant argues that the stop could not have been only investigatory since the officers approached his car with their guns drawn and ordered him out of the car. However, in making an investigatory stop, police officers may approach with their guns drawn if they reasonably suspect that they may be dealing with a suspect who may be armed. (*Gunderson*, 66 Ill. App. 3d 516, 523, 383 N.E.2d 1296, 1301; *People v. Basiak* (1977), 50 Ill. App. 3d 155, 158-59, 365 N.E.2d 570, 572-73.) Here, the police officers had notice that they might be dealing with a person who had raped a

woman at knifepoint. Therefore, they were justified in approaching with their guns drawn in order to protect themselves during their investigation.

With respect to the search of defendant, after the officers made a valid investigatory stop, one of them noticed a black leather pouch on defendant's belt. The officers then made a protective search of defendant and found a knife in the pouch. The officers were justified in conducting a limited search of defendant based on their observation of the black pouch on defendant's belt and their knowledge that he may have raped a woman at knifepoint. They could have reasonably believed that defendant was armed and presently dangerous. (See *Adams v. Williams* (1972), 407 U.S. 143, 146, 32 L. Ed. 2d 612, 617, 92 S. Ct. 1921, 1923; *People v. Lee* (1971), 48 Ill. 2d 272, 277, 269 N.E.2d 488, 491.) If a police officer stops a person for temporary questioning and the officer reasonably suspects that he or another is in danger of attack, he may search the person for weapons. (Ill. Rev. Stat. 1975, ch. 38, par. 108—1.01; see *Terry*, 392 U.S. 1, 27, 20 L. Ed. 2d 889, 909, 88 S. Ct. 1868, 1883.) Therefore, the limited weapons search which produced the knife was proper.

Once the police officers discovered the knife, probable cause to arrest defendant arose because the officers were informed that a knife was used in the rape. Information obtained by police officers after stopping a vehicle to briefly question the driver can be used to justify the arrest of the driver. (*United States v. Hernandez* (7th Cir. 1973), 486 F.2d 614, 617.) The discovery of the knife in addition to the other information possessed by the officers caused the officers to have reasonable grounds to believe that defendant had committed an offense (see *People v. Wilson* (1970), 45 Ill. 2d 581, 585, 262 N.E.2d 441, 443; Ill. Rev. Stat. 1975, ch. 38, par. 107—2(c)), and thus the arrest was proper.

■■ The officer who testified at the motion to suppress stated that after defendant was handcuffed and placed in the police car, he went to close the door of defendant's car so that it would not be struck by an oncoming car. As he was closing the door, he noticed a sawed-off shotgun on the back seat. Since the shotgun was in plain view, it was properly seized by the officer. See *People v. Wright* (1968), 41 Ill. 2d 170, 174, 242 N.E.2d 180, 183; *People v. Rogers* (1974), 18 Ill. App. 3d 940, 943, 310 N.E.2d 854, 857.

After seizing the shotgun, the officer searched the interior of defendant's car and discovered another knife and a can of Mace in the glove compartment. This search was also proper. An automobile may be searched without a warrant while it is on the highway if there is probable cause to believe that it contains articles that the officers may lawfully seize. (*Chambers v. Maroney* (1970), 399 U.S. 42, 48, 26 L. Ed. 2d 419, 426-27, 90 S. Ct. 1975, 1979-80; *People v. Canaday* (1971), 49 Ill. 2d 416,

420, 275 N.E.2d 356, 359.) Once the officer observed the sawed-off shotgun, he had probable cause to believe that the crime of unlawful use of weapons was being committed. (See Ill. Rev. Stat. 1975, ch. 38, par. 24—1.) Thus, he had probable cause to search the entire car. (*People v. Wiggins* (1976), 45 Ill. App. 3d 85, 88-89, 358 N.E.2d 1301, 1304; *People v. Ehn* (1974), 24 Ill. App. 3d 340, 352, 320 N.E.2d 536, 545.) Accordingly, the knife and can of Mace found in the glove compartment were properly seized.

Under the circumstances, the knives, shotgun and can of Mace were properly seized, and thus, the motion to suppress was correctly denied. Accordingly, the judgment is affirmed.

Affirmed.

McGILLICUDDY, P. J., and McNAMARA, J., concur.