THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CARL B. GRAHAM, Defendant-Appellee.

Fifth District   No. 5—84—0634

Opinion filed January 13, 1986.

Dick Allen, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Susan M. Young, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

No brief filed for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The State appeals from the dismissal by the circuit court of Madison County of a charge of burglary which had been filed against defendant, Carl B. Graham. We affirm.

Defendant pleaded guilty (it is not clear from the record when) to violating the Granite City prowling ordinance and pleaded guilty to a State misdemeanor charge of resisting arrest. Subsequently, on June 18, 1984, defendant was charged by information with burglary. On August 13, 1984, defendant filed a motion to dismiss this burglary charge, claiming his attorney had reached an agreement with the

State in April of 1984 that defendant would not move to withdraw his guilty pleas to the prowling and resisting arrest charges if the State would not file any other charges against him stemming from this case. On September 14, 1984, the court dismissed the burglary charge based upon this agreement. The State argues the finding that such an agreement existed was against the manifest weight of the evidence, and that even if such an agreement did exist, it was not enforceable.

At the hearing on his motion to dismiss, the first witness was Casper Nighohossian, assistant city attorney for Granite City. He stated he recalled discussing defendant's case with defendant's attorney in April of 1984. Nighohossian testified his understanding was that defendant had pleaded guilty to two charges without representation of counsel and that his attorney was in court to withdraw the pleas. Nighohossian recalled making a comment at that time to defendant's counsel that defendant was very fortunate he had been charged only with prowling and resisting arrest and not with burglary. He testified that he had made an offer to defendant's counsel that if the guilty plea on the city charge was not withdrawn defendant would receive a $100 fine plus costs. Nighohossian also suggested that it might be better not to withdraw the guilty pleas so as not to leave the door open for further State charges, but he told counsel that he, Nighohossian, could not negotiate for the State, and that counsel should himself talk to the assistant State's Attorney.

The next witness was Joseph Kastelic of the Granite City police department, who was on docket call at the court the day the agreement was allegedly made. He testified defendant's attorney and the assistant State's Attorney had some discussions pertaining to State charges against defendant. Kastelic remembered defendant's attorney tried to negotiate an agreement whereby no further charges would be brought. The officer did not know if an agreement was ever reached, but did remember defendant's attorney and the assistant State's Attorney went to talk with the judge right after these discussions.

Defendant's attorney, Terryl Francis, took the stand and testified in a narrative about the negotiations. He testified he appeared at defendant's sentencing hearing with the intent to withdraw defendant's guilty pleas because he understood the pleas had been entered without counsel. He stated he was approached by the assistant city attorney, who told him he should not try to withdraw the pleas because defendant was lucky he had not been charged with burglary, and that the assistant city attorney suggested that as far as he was concerned, if the pleas were allowed to stand, no burglary charge would be brought. But defendant's attorney testified the assistant city attorney

told him he would have to work out an agreement with the assistant State's Attorney on the State's charge. Defendant's counsel stated that he told the assistant city attorney he would negotiate with the assistant State's Attorney on the State charge before agreeing to anything on the city charge.

Defense counsel then testified that he had a discussion with the assistant State's Attorney, and that Officer Kastelic was present at that meeting. Counsel stated the "discussion was that the police report indicated that my client could be charged with much more serious charges." He stated that he told the assistant State's Attorney he was willing to allow the guilty pleas to stand provided "we could wrap up the case." Defense counsel stated he and the assistant State's Attorney did work out an arrangement. He testified that although he was in court that day to withdraw the guilty pleas, he did not attempt to do so because he thought "we had made a disposition of everything that could be brought on the police report that had been shown to me." He stated he would not have persisted in the guilty pleas if he thought further charges were going to be brought against defendant.

The assistant State's Attorney, William Charles Evers III, testified for the State, and stated he did not have any independent recollection of any negotiations with defendant's attorney regarding defendant's case. He did testify that in his years of experience he never has agreed to accept a plea to a misdemeanor charge and forego the filing of felony charges against any defendant.

■ The State argues the finding that an agreement existed was against the manifest weight of the evidence. However, the court found defense counsel's testimony about the agreement was not contradicted, and that testimony from the assistant city attorney and Officer Kastelic was not inconsistent with the evidence of the agreement. The court also put little weight in the assistant State's Attorney's testimony that he always makes a record of plea negotiations because the events of the present case did not take place at the time the pleas were entered, but rather took place after the pleas were entered. The assistant State's Attorney also testified that he never agrees to accept a plea to a misdemeanor and to forego the filing of felony charges. Again, what the assistant State's Attorney does in a normal case of plea negotiations is not persuasive in the present case because the pleas had already been entered. Defense counsel testified he would never allow a client to plead guilty to misdemeanor charges without at the same time disposing of all the possible charges that could be brought in the case. We find that because defense coun-

sel testified the agreement existed and that this testimony was uncontradicted, and that because the actions of defense counsel were consistent with the existence of such an agreement, the court's finding that the agreement was made was not against the manifest weight of the evidence.

The State alternatively argues that such an agreement is not enforceable. The State claims if an agreement existed, it was unexecuted, arguing that defendant did not detrimentally rely in any way upon any promises made by the State.

We do not agree. Defendant here had pleaded guilty to two charges and was awaiting sentencing. Defense counsel was in court to withdraw the pleas because it was his understanding defendant had not been represented by counsel at the time they were entered. Instead of moving to withdraw the pleas, counsel agreed to let the pleas stand if no further charges would be brought.

The State argues no defendant has an absolute right to withdraw a guilty plea. (See *People v. Smithey* (1983), 120 Ill. App. 3d 26, 31, 458 N.E.2d 87, 91.) However, defendant had a right under Supreme Court Rule 604(d) to file a motion to attempt to withdraw his guilty plea to the State misdemeanor charge. (94 Ill. 2d R. 604(d).) Defendant here has given up this right. Additionally, under Rule 604(d), by failing to file such a motion within 30 days of the date on which sentence was imposed, defendant waived his right to appeal. (Defendant has also given up his right to appeal his conviction on the city ordinance violation, but that appeal would have to be in the nature of a civil proceeding. See *Village of Mundelein v. Taylor* (1985), 130 Ill. App. 3d 819, 822, 474 N.E.2d 843, 845.

It has been held that, under proper circumstances, the State can be forced to perform its part of an agreement with a defendant. In *People v. Starks* (1985), 106 Ill. 2d 441, 478 N.E.2d 350, our supreme court held that if the State agreed to dismiss a charge against a suspect if he passed a polygraph test, and the suspect passed the test, the agreement should be enforced and the charge dropped. The court found by submitting himself to the polygraph examination, the suspect had surrendered his fifth amendment privilege against self-incrimination. The court held: "If there was an agreement as alleged, and if Starks fulfilled his part of it, then the State must fulfill its part." 106 Ill. 2d 441, 452, 478 N.E.2d 350, 356.

The State cites *People v. Boyt* (1985), 109 Ill. 2d 403, where the State agreed to lenient treatment of the defendant if she would testify against her codefendant. The defendant never had the chance to testify, nor did she plead guilty as she would have under the agree-

ment, because the codefendant pleaded guilty. The court found the agreement was not subject to specific enforcement because the defendant had surrendered nothing and thus was not prejudiced by the State's refusal to consummate the agreement.

■ Thus, for a court to order specific enforcement in such cases, the defendant must have fulfilled his part of the agreement and given up something of legal significance. We have found defendant here has surrendered significant rights: the right to file a motion to attempt to withdraw a guilty plea and the right to appeal. He has fulfilled his part of the bargain. The State, therefore, must be required to fulfill its part. We find the trial court correctly dismissed the burglary charge.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

WELCH and JONES, JJ., concur.