THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL A. MARTIN, Defendant-Appellant.

Second District   No. 2—86—1039

Opinion filed October 15, 1987.

James J. Gavin, of Gavin & Gavin, of Westchester, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Michael Martin, appeals from the judgment of the circuit court of Du Page County continuing the summary suspension of his driver's license. Defendant argues that the trial court erred in

placing the burden of proof on defendant and in continuing the summary suspension in the absence of any evidence by the State of defendant's blood-alcohol level. We affirm.

On July 28, 1986, defendant was involved in an automobile accident at the intersection of Routes 5 and 53 in Du Page County. Following an investigation by Trooper Willie Sanford of the Illinois State Police, defendant was charged with several offenses, including driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)). After receiving the results of a blood test submitted to by defendant, Sanford filed a sworn report with the circuit court of Du Page County, and defendant was notified that his driving privileges would be summarily suspended pursuant to section 11—501.1(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(d)). Section 11—501.1(d) provides:

"If the person refuses testing or submits to a test which discloses an alcohol concentration of 0.10 or more, the law enforcement officer shall immediately submit a sworn report to the circuit court of venue and the Secretary of State, certifying that the test or tests was or were requested pursuant to paragraph (a) and the person refused to submit to a test, or tests, or submitted to testing which disclosed an alcohol concentration of 0.10 or more." Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(d).

Defendant then filed his petition for judicial review of the summary suspension. Defendant's petition specified that one of the issues at the hearing would be whether defendant was found to have a blood-alcohol level greater than .10.

At the hearing, the trial court informed defendant that defendant would have the burden of proof on all issues. Defendant called Sanford and defendant as witnesses. Sanford testified that he met defendant at the hospital emergency room and requested him to take a breathalyzer test. Defendant informed Sanford that this would be difficult because defendant had sustained head injuries. Defendant then agreed to submit to a blood test. A hospital technician administered the test and delivered the sample to Sanford. Sanford subsequently mailed the sample to the State police laboratory in Springfield for testing. He later received the results of the test in a letter from the laboratory indicating that defendant's blood-alcohol level was .15. Sanford then filed his sworn report with the circuit court of Du Page County and notified defendant that his driving privileges would be summarily suspended.

At the conclusion of the hearing, the court entered a finding in

favor of the State. Defendant appeals.

▪ Defendant first contends that the trial court erred in placing the burden of proof on defendant. This court has recently decided this issue adversely to defendant. (See *People v. Griffith* (1987), 153 Ill. App. 3d 856, 861, citing *People v. Blythe* (1987), 153 Ill. App. 3d 292, 297-98, *appeal denied* (1987), 115 Ill. 2d 544.) As the *Blythe* court stated:

> "Section 11—501.1(d) requires that the law enforcement officer's report be on file in order to ignite the suspension of the driver's license. [Citation.] Because it is required to be on file in the circuit court record, it is appropriate that in order for the defendant to attack his suspension he also must attack the law enforcement officer's sworn report and, for that reason, has the burden of proof and the burden to proceed." (153 Ill. App. 3d 292, 297-98.)

Therefore, although a person may challenge a summary suspension by filing a petition to rescind, he has the burden of proof and the burden to proceed on that petition. (*People v. Griffith* (1987), 153 Ill. App. 3d 856, 861; *People v. Blythe* (1987), 153 Ill. App. 3d 292, 297-98, *appeal denied* (1987), 115 Ill. 2d 544.) Defendant presents us with no compelling reason to reconsider these decisions. Therefore, we conclude that the trial court's allocation of the burden of proof was proper.

▪ Defendant also argues that the trial court erred in continuing his suspension when the State presented no evidence of defendant's blood-alcohol level. The gist of defendant's argument here is that since Sanford did not conduct the blood-alcohol test, the State was required to first come forward with some affirmative evidence to establish the reliability of the result that was sworn to in the officer's report. The State responds that since defendant, by challenging the summary suspension, had the burden of proof, it was not required to put on any evidence to support the suspension. We agree.

Our statute provides that a person may have his driver's license summarily suspended after a law enforcement officer submits a sworn report to the circuit court and the Secretary of State certifying that an alcohol concentration test was requested and that the person either refused to submit to the test or submitted to testing which disclosed an alcohol concentration of .10 or more. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(d).) Normally, the officer administers a breathalyzer test. However, if the person submits to a blood test at the request of a law enforcement officer, only a physician authorized to practice medicine, a registered nurse, or other qualified person approved by the Department of Public Health may draw blood for the

purpose of determining the alcohol, drug, or alcohol and drug content. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.2(a)(2).) In cases where a blood-alcohol concentration of .10 or more is established by a *subsequent* analysis of blood collected at the time of arrest, the arresting officer shall give notice to the person tested either by mail or as otherwise provided in the statute. Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(f).

The statute clearly contemplates that the arresting officer filing the sworn report may not be the party administering the alcohol concentration test. In cases where the arresting officer is not the party administering the test, to require, as defendant contends, that the State first present evidence regarding the test results at the summary suspension hearing would effectively place the burden back on the State. This we will not do.

The burden of challenging the reliability of the blood test result rests with defendant as petitioner. (*Cf. People v. Wilder* (1987), 156 Ill. App. 3d 663, 667 (burden of proof with respect to the foundational issue of the trustworthiness of a breathalyzer test result rests with defendant as petitioner).) Defendant is not foreclosed from challenging the result of the test by calling the appropriate witnesses. In fact, the statute provides that defendant may even have his own, independent test conducted. See Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.2(a)(3).

■ In the instant action, Sanford filed a sworn report after receiving the result of defendant's blood test from a laboratory technician. This sworn report ignites the summary suspension. (See *People v. Griffith* (1987), 153 Ill. App. 3d 856, 861; *People v. Blythe* (1987), 153 Ill. App. 3d 292, 297.) Defendant may challenge the suspension, including the basis on which it is made; however, defendant carries the burden of proof on his challenge. We believe this rule is sound, and we will not subvert this law by accepting defendant's invitation to require the State, in cases where the test is not conducted by the officer himself, to first present evidence that the blood-alcohol content was .10 or more.

For the foregoing reasons, the judgment of the circuit court of Du Page County continuing the suspension is affirmed.

Affirmed.

HOPF and DUNN, JJ., concur.