THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
TIMOTHY J. REPP, Defendant-Appellee.

Second District   No. 2—87—0169

Opinion filed January 8, 1988.

Robert J. Morrow, State's Attorney, of Geneva (William L. Browers and Dale M. Wood, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Frank J. Giampoli, of Self & Giampoli, of Aurora, for appellee.

JUSTICE HOPF delivered the opinion of the court:

The State appeals (107 Ill. 2d R. 604(a)(1)) from an order of the trial court rescinding the statutory summary suspension of the driver's license of the defendant, Timothy Repp, and granting his motion to quash his arrest and suppress evidence. The State's sole contention in this court is that the trial court's ruling that the arresting officer did not have "probable cause" to stop the defendant's vehicle is against the manifest weight of the evidence. In addition to responding to the State's argument, the defendant maintains that we should dismiss the State's appeal for two reasons, which we set forth and address later in this opinion.

The State charged the defendant with two offenses of driving while under the influence of alcohol (Ill. Rev. Stat., 1986 Supp., ch. 95½, pars. 11—501(a)(1), (a)(2)) as a result of an incident that occurred in St. Charles, Illinois, on November 14, 1986. The following month the defendant filed a petition to rescind the statutory summary suspension of his driver's license and a motion to quash his arrest and suppress evidence. After holding a joint hearing on January 21, 1987, to adjudicate the petition and motion, at which time the court heard the testimony of the defendant and the arresting officer, the court below granted both the petition and the motion; the court predicated its ruling solely on its finding that the officer did not have probable cause to stop the defendant's automobile. The State then filed its certificate of impairment and notice of appeal.

We dispense with a recitation of the facts here and note that the relevant facts will be discussed in conjunction with the particular issues presented for our resolution.

We address first the defendant's arguments that we should dismiss the State's appeal. Initially, the defendant renews his motion to dismiss that portion of the State's appeal challenging the trial court's ruling granting the motion to quash his arrest and suppress evidence. The defendant originally filed that motion in this court on July 16, 1987; we denied it on July 29, 1987, after considering it and the

State's objections to it. The gravamen of both the motion and the defendant's appellate contention is that the State's appeal is premature because the trial court's order of January 21, 1987, only granted the motion to quash the defendant's arrest and left undecided the matter of the suppression of evidence. The only authority the defendant advances in support of his contention is our recent decision in *People v. Fox* (1987), 155 Ill. App. 3d 256, 508 N.E.2d 475. For the reasons expressed below, we again reject the defendant's request that we dismiss the State's appeal on this basis.

In *Fox*, the trial court held separate hearings to determine the probable cause and suppression of evidence questions. We concluded that the second hearing concerning the suppression of evidence was a continuation of the earlier hearing that adjudicated the legality of the arrest. Concerned with the fact that allowing the State to appeal after the hearing quashing the arrest would encourage piecemeal appeals, we determined that the first order was not a final, appealable order until the lower court resolved entirely the suppression issue at the second hearing. *Fox*, 155 Ill. App. 3d at 260-62, 508 N.E.2d at 478-79.

In contrast to the situation presented in *Fox*, in the present case the trial court held a single hearing to resolve the defendant's motion to quash his arrest and suppress evidence, entered a single order which granted the motion to quash the arrest, and stated that there was no just reason to delay the appeal of the court's decision. We agree with the State that implicit in the trial court's order quashing the arrest in this prosecution for driving under the influence of alcohol was its ruling that the evidence resulting from the allegedly improper arrest be suppressed also, because, as we remarked in *Fox*, "a successful motion to quash arrest without the ensuing suppression of evidence is of little effect." (*Fox*, 155 Ill. App. 3d at 261, 508 N.E.2d at 479.) Thus, in our view, the State properly appealed from the final order quashing the defendant's arrest and suppressing evidence.

The defendant's second contention in support of his request that we dismiss the State's appeal is that the propriety of the trial court's ruling concerning the defendant's petition to rescind the statutory summary suspension of his driver's license has become moot due to the passage of time. In this respect he argues that the suppression of his driver's license took effect on or about December 30, 1986, and would have terminated by statute three months later (see Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 6-208.1(a)(2)). He concludes that since the three-month period has expired, reinstatement of the sum-

mary suspension of his driver's license is impossible.

The logic of this argument escapes us, and we conclude that the contention is in error. First, we point out that the premise of the defendant's argument is unfounded. The very fact that the trial court rescinded the defendant's statutory summary suspension on January 21, 1987, clearly indicates that the defendant's driver's license was not suspended for the full three-month period. Furthermore, as the State correctly emphasizes, to adopt the defendant's position would effectively deny the State's right to appeal the rescission of the statutory summary suspension of a defendant's driver's license because the normal course of the appellate process extends well beyond the duration of the three-month suspension. It stands to reason, also, that were we to accept the defendant's argument, the beneficial purpose behind the enactment of the summary suspension statute as well as the administration of justice would be seriously impeded if this court were prevented from reviewing, by means of a proper State appeal, an improper order of the trial court rescinding the statutory summary suspension of a defendant's driver's license. It is manifest to us, therefore, that the State's challenge in this case to the rescission of the defendant's statutory summary suspension, rather than being moot, is properly presented for our consideration.

■ We turn now to the State's substantive assignment of error, that the trial court's order (1) quashing the defendant's arrest and suppressing evidence and (2) rescinding the statutory summary suspension of his driver's license is against the manifest weight of the evidence because the trial court erred when it concluded that Officer Rust's investigatory stop of the defendant's automobile was without probable cause. For the reasons explicated below, we reverse the judgment of the trial court and remand the cause for further proceedings.

On December 24, 1986, the defendant filed (1) a petition to rescind the statutory summary suspension of his driver's license which alleged, among other matters, that the arresting officer did not have reasonable grounds to believe that Mr. Repp was driving while under the influence of alcohol (see Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 2—118.1(b)(2); *People v. Martin* (1987), 161 Ill. App. 3d 472, 474, 514 N.E.2d 815) and (2) a motion to quash his arrest and suppress evidence (see Ill. Rev. Stat. 1985, ch. 38, par. 114—12; *Fox*, 155 Ill. App. 3d at 261), which stated that the arrest was illegal because the officer did not have "probable or reasonable cause to believe" that the defendant had violated or was violating any traffic law prior to or at the time of his arrest. At the combined hearing held to resolve the

petition and the motion, defense counsel informed the trial judge that the defendant was only raising the question whether Officer Rust had "reasonable grounds" to stop the car, not whether he had "probable cause" to arrest the defendant for driving under the influence of alcohol. In its oral pronouncement granting both the petition and the motion, the court below iterated that the sole reason for its decision "was that there was no *probable cause* for the stop." (Emphasis added.) The State, too, in its appellate argument approaches the question of the propriety of the stop from the perspective of whether the arresting officer had "probable cause" to effect it.

It is elementary that the correct standard to be applied in ascertaining whether an investigatory stop is justified is not the constitutional requirement of "probable cause" to arrest or search, which is synonymous with this State's statutory standard of "reasonable grounds" (*People v. Scarpelli* (1980), 82 Ill. App. 3d 689, 693, 402 N.E.2d 915, *cert. denied* (1981), 450 U.S. 915, 67 L. Ed. 2d 340, 101 S. Ct. 1357), but the less exacting test of whether the police had a reasonable, articulable suspicion of criminal activity to warrant the stop (*People v. Vanderver* (1987), 158 Ill. App. 3d 178, 180, 510 N.E.2d 1293). (*People v. McGee* (1987), 160 Ill. App. 3d 807, 816, 513 N.E.2d 885; see *People v. Campbell* (1987), 161 Ill. App. 3d 147, 152, 514 N.E.2d 241; *People v. Zielinski* (1980), 91 Ill. App. 3d 519, 521, 414 N.E.2d 1113.) In order for an investigatory stop to pass constitutional (*Terry v. Ohio* (1968), 392 U.S. 1, 21, 20 L. Ed. 2d 889, 906, 88 S. Ct. 1868, 1879) and statutory (Ill. Rev. Stat. 1985, ch. 38, par. 107—14) muster, a police officer must have knowledge of specific, articulable facts which, when combined with the rational inferences from them, create a reasonable suspicion that the person in question either has committed or is about to commit a crime. See *Campbell*, 161 Ill. App. 3d at 152, 514 N.E.2d at 244; *People v. Patterson* (1980), 88 Ill. App. 3d 144, 145, 410 N.E.2d 223.

It is clear to us, therefore, that the trial court applied the wrong standard (probable cause) in resolving and granting the defendant's petition and motion. Thus, the court's judgment must be reversed on this basis alone. However, even if the trial court had applied the correct standard as delineated above, we conclude, based on the analysis expressed below, that the defendant did not satisfy his burden of proving (*People v. Martin* (1987), 161 Ill. App. 3d 472, 474, 514 N.E.2d 815; *People v. Douglas* (1980), 86 Ill. App. 3d 668, 671, 408 N.E.2d 239) that the statutory summary suspension of his driver's license should be rescinded or that his arrest should be quashed and the evidence suppressed.

Just prior to the time Officer Richard Rust, a veteran policeman, stopped the defendant's vehicle, the defendant was proceeding at approximately 20 to 25 miles per hour westbound on Route 64 in St. Charles. At that juncture, Route 64 consists of two lanes that are divided by stripes or markings. The defendant testified he drove his car for two city blocks with his left tires beyond the markings dividing the westbound lanes of traffic. It was almost midnight, and the defendant drove in this manner as a precaution so that, in the event someone opened the driver's side door of a car parked adjacent to the curb, the defendant could avoid hitting the door. Officer Rust, on the other hand, related that the defendant drove with his tires straddling the westbound lanes and that the markings separating those lanes were positioned below the center of the vehicle as it traversed Route 64. The officer, who stopped the automobile because it straddled the two westbound lanes for one block, had received training that driving late at night while straddling traffic lanes was an indication of driving under the influence of alcohol. Office Rust remarked, also, that he was able to drive his marked squad car in the westbound lane closest to the curb and that the vehicles parked alongside the curb did not impede his progress.

Even allowing for the trial court's function of weighing the credibility of the witnesses and the weight to be given their testimony (*People v. Starks* (1986), 146 Ill. App. 3d 843, 846, 497 N.E.2d 187), we conclude that the trial court's decision to rescind the statutory summary suspension of the defendant's driver's license and to quash his arrest and suppress the evidence was contrary to the manifest weight of the evidence, the standard of review we must employ (*People v. Angelino* (1987), 160 Ill. App. 3d 632, 638, 513 N.E.2d 1132; *Vanderver*, 158 Ill. App. 3d at 180-81; *Fox*, 155 Ill. App. 3d at 262). The undisputed evidence presented in this case establishes that the defendant was driving his vehicle, late at night, in a potentially hazardous manner that contravened section 11—709(a) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—709(a)). Therefore, the police officer was justified in making the investigatory stop.

We have examined carefully the cases the defendant cites in support of his argument that he was not violating section 11—709(a) of the Code and that Officer Rust did not have knowledge of sufficient articulable facts to create a reasonable suspicion of criminality, and we determine, in consonance with the State's response, that those cases are distinguishable factually from the matter at hand. We emphasize that this is not a case in which the defendant swerved from

his lane of traffic to avoid hitting a pedestrian (see *Whitehurst v. Bauer* (1977), 45 Ill. App. 3d 462, 359 N.E.2d 1176) or where the evidence established that the defendant drove across the centerline to avoid colliding with a car parked in his lane of traffic (see *People v. Collins* (1987), 154 Ill. App. 3d 149, 506 N.E.2d 963). Here, the defendant drove for at least one block, and by his own admission two blocks, with the tires of the left side of his vehicle straddling the markers dividing the two westbound traffic lanes. We note also that there is no evidence in the instant record that circumstances or other vehicular traffic prevented the defendant from driving in the other westbound lane of traffic, which would have allowed him to avoid the opening doors of vehicles parked at the curbside while at the same time complying with section 11—709(a) of the Code.

Lastly, the fact that Officer Rust did not charge the defendant with improper lane usage is insignificant for purposes of our analysis because, as we have stated previously, an officer "need not charge a minor violation when, after a stop, he discovers a serious one." *People v. Patterson* (1980), 88 Ill. App. 3d 144, 146, 410 N.E.2d 223, 224. But see *Collins*, 154 Ill. App. 3d at 151.

In accordance with the views articulated above, we reverse the judgment of the trial court of Kane County rescinding the statutory summary suspension of the defendant's driver's license and quashing his arrest and suppressing the evidence, and we remand the cause for reinstatement of the remainder of the defendant's statutory summary suspension and for trial on the traffic complaints charging driving while under the influence of alcohol.

Reversed and remanded with directions.

LINDBERG, P.J., and UNVERZAGT, J., concur.