THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
THOMAS R. GLISAN, Defendant-Appellee.

Third District   No. 3—91—0945

Opinion filed September 1, 1992.—Rehearing denied September 30, 1992.

Erik I. Blanc, State's Attorney, of Pekin (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Ronald Hamm, of Hamm & Hanna, Ltd., of Peoria, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Thomas R. Glisan, was arrested for driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(a)(2)). Thereafter, he was notified of the statutory summary suspension of his driver's license pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1). The defendant subsequently filed a petition to rescind the statutory summary suspension and a motion to quash arrest and suppress evidence. Following a hearing, the trial court rescinded the summary suspen-

sion and granted the motion to quash arrest and suppress evidence. The State appeals both orders. We reverse.

The record reveals that on May 28, 1991, Pekin police officer Brad Elliot was on patrol when he heard a radio report from the Illinois State Police. The report indicated that the driver of a blue pickup truck headed toward Pekin on Route 29 was suspected of DUI because he "was possibly running vehicles off the road."

Subsequent to the initial radio report, Officer Elliot heard a second radio report from another Pekin officer. The other officer stated that he was behind two pickup trucks and that another driver had gestured to him to follow the trucks. The other officer then contacted Elliot and asked him to wait at a location ahead of the trucks. Elliot did so and subsequently observed two pickup trucks proceed through an intersection on a yellow light. Elliot further observed that the trucks went slowly through the intersection, and the second truck was only inches behind the first. Elliot then activated his emergency lights and pulled the second truck over.

After the vehicle was pulled over, Officer Elliot noticed that the defendant, who was driving the truck, had a dazed look on his face. While talking to the defendant, Elliot noted the strong odor of alcohol on his breath. Elliot asked the defendant to perform several field sobriety tests. The defendant failed them all and was arrested for DUI. He was then taken to the police station, where he refused to take a breath test.

Following a hearing on the petition to rescind the suspension and the motion to quash arrest and suppress evidence, the trial court concluded that the initial stop was improper. Accordingly, the court rescinded the summary suspension and granted the motion to quash arrest and suppress evidence. The State appeals.

On appeal, the State first argues that the propriety of an investigatory stop may not be questioned at a summary suspension hearing, because such hearings are limited to those issues specifically set forth in section 2—118.1(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95½, par. 2—118.1(b)). We disagree.

■ Although statutory summary suspension hearings are limited to certain statutory issues, the propriety of the underlying stop may always be considered. (*People v. Safiran* (1992), 229 Ill. App. 3d 639.) Based on our holding in *Safiran*, we find that it was proper for the court to consider the propriety of the stop.

■ Here, the trial court concluded that the stop was improper because although the trucks were close to each other as they proceeded through the intersection, they were both turning extremely slowly.

The State contends that the trial court erred in concluding that the stop was improper. We agree and therefore reverse.

Police may make investigatory stops of private citizens even though there is no probable cause to make an arrest. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) However, in order for such a stop to be justified, the police must be able to point to specific articulable facts which, when taken together with the rational inferences from those facts, reasonably warrant the intrusion.

In the instant case, the police received a report of dangerous and erratic driving by a blue pickup truck. Shortly thereafter, a police officer in the area was signaled by another driver in a manner suggesting that there may have been a problem with the defendant, who was driving a blue pickup truck. A second officer later observed the defendant's truck turn through an intersection on a yellow light only inches behind another vehicle. Based on these specific articulable facts, we conclude that an investigatory stop was reasonably warranted. Accordingly, we reverse the orders rescinding the summary suspension and granting the motion to quash arrest and suppress evidence, and we remand the cause for further proceedings consistent with our opinion.

Reversed and remanded.

McCUSKEY and HAASE, JJ., concur.