THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRADFORD ALBRIGHT, Defendant-Appellant.

Third District   No. 3—92—0977

Opinion filed October 7, 1993.

Kallan & Grnacek, of Joliet (Kenneth A. Grnacek, of counsel), for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Defendant Bradford Albright appeals from an order of the circuit court of Will County denying his petition to rescind a summary suspension of his driver's license arising out of his arrest for driving under the influence of alcohol. We affirm.

In the early morning hours of October 2, 1992, after an evening out with a friend, defendant was returning home via Route 53 and West River Road near Wilmington, Illinois. A police officer driving behind defendant saw defendant's vehicle weaving within his lane and saw the car cross the solid white line on the right side of the lane. Although defendant's vehicle did not leave the pavement or cross the center line, it did cross the line on the right side by at least a tire width three times. The officer stopped defendant because of improper lane usage, and after smelling alcohol on his breath and noticing bloodshot eyes, he gave defendant some field sobriety tests which defendant failed. Defendant was arrested for two traffic violations: improper lane usage and driving under the influence of alcohol.

Defendant refused a chemical test to determine his blood-alcohol level, and as a consequence was served with an immediate notice of summary suspension of his driving privileges pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501.1). Defendant petitioned to rescind the suspension on the ground that the officer lacked reasonable grounds for the stop of his vehicle and lacked probable cause to arrest defendant for driving under the influence of alcohol or any other offense. At the hearing, the arresting officer testified that he stopped defendant only because he

believed defendant was committing improper lane usage. The trial judge found insufficient facts to support a charge of improper lane usage, but held that the stop was proper because the officer did have grounds for a reasonable, articulable suspicion that defendant was driving under the influence of alcohol. Accordingly, the petition to rescind the suspension was denied, and this appeal followed.

This court has held that improper lane usage does not occur unless the defendant endangers himself, pedestrians, or other vehicles when he moves out of his lane of traffic. (*People v. Halsall* (1989), 178 Ill. App. 3d 617, 619, 533 N.E.2d 535, 536.) On appeal defendant contends that the trial court was correct in its ruling that no improper lane usage violation occurred but that the court erred in using an objective test in determining that the investigative stop was proper because the officer had grounds to reasonably and articulably suspect that defendant was driving while intoxicated. He insists that a subjective test is the only appropriate test for judging an investigatory stop and that the trial court should only consider what the officer actually believed at the time, not what he could have believed. Furthermore, he argues that the trial court should not be allowed to articulate a suspicion for the officer which the officer did not entertain at the time.

Defendant relies upon *People v. Faletti* (1991), 215 Ill. App. 3d 61, 63, 573 N.E.2d 867, 869, where this court held that, in order to justify an investigatory stop of an automobile, an officer must have an articulable and reasonable suspicion that the motorist is in violation of the law. In *Faletti* the trial court had held that a single, momentary crossing of the center line was not alone a sufficient basis for an investigatory stop, and we affirmed. Here defendant argues that since he did not leave his lane of traffic and did not endanger himself or others, the officer could not have had a reasonable belief that defendant was committing the offense of improper lane usage.

An investigatory stop can be made without probable cause to make an arrest. (*People v. Glisan* (1992), 233 Ill. App. 3d 469, 471, 599 N.E.2d 1337, 1338.) Furthermore, erratic driving, even weaving within the lane of traffic in which the vehicle is traveling, has been held to provide sufficient basis for an investigatory stop of a motor vehicle. (*People v. Loucks* (1985), 135 Ill. App. 3d 530, 533, 481 N.E.2d 1086, 1087; *People v. Houldridge* (1983), 117 Ill. App. 3d 1059, 1062, 454 N.E.2d 769, 771-72.) Thus, although defendant's conduct may not have provided sufficient cause for an arrest for improper lane usage, we hold that it was sufficient to justify an investigatory stop.

In a factually similar case, *People v. Repp* (1988), 165 Ill. App. 3d 90, 518 N.E.2d 750, where the defendant was stopped for illegal lane usage and ultimately charged with driving while under the influence of alcohol, the court noted that the correct standard for an investigatory stop is not the "probable cause" requirement for arrest or search but "the less exacting test of whether the police had a reasonable, articulable suspicion of criminal activity to warrant the stop." (165 Ill. App. 3d at 94, 518 N.E.2d at 754.) The court also stated:

> "Lastly, the fact that Officer Rust did not charge the defendant with improper lane usage is insignificant for purposes of our analysis because, as we have stated previously, an officer 'need not charge a minor violation when, after a stop, he discovers a serious one.' *People v. Patterson* (1980), 88 Ill. App. 3d 144, 146, 410 N.E.2d 223, 224." 165 Ill. App. 3d at 96, 518 N.E.2d at 755.

In the case at bar, the officer *did* charge defendant with improper lane usage but the facts were found by the trial court to be insufficient to support that charge. The validity of the suspected improper lane usage violation was immaterial once a more serious violation was discovered. See *People v. Repp*, 165 Ill. App. 3d 90, 518 N.E.2d 750.

Another case where an investigatory stop resulted in a charge of driving under the influence of alcohol is *People v. Houlihan* (1988), 167 Ill. App. 3d 638, 521 N.E.2d 277. There an officer stopped the defendant's truck because it was making a loud noise like a snowplow on a bare street. The officer discovered a garbage can jammed under the truck, and after field sobriety tests were administered, charged the defendant with driving while intoxicated. The officer testified that he did not observe defendant violate any laws in his presence, and the trial court suppressed the State's evidence on the ground that there was no reasonable basis for the stop. The appellate court reversed, noting that the stop was appropriate because there was reason to believe the defendant was violating traffic laws requiring safe vehicles and vehicles that do not make excessive or unusual noise. The court cited many cases holding that a traffic violation provides a sufficient basis for a stop and held:

> "It was entirely reasonable for [the officer] to pursue and stop the vehicle even though he did not observe a crime being committed where the State was able to specify statutes which were possibly violated by defendant's conduct." 167 Ill. App. 3d at 645, 521 N.E.2d at 282.

The decision in *People v. Houlihan* supports our view that the officer making an investigatory stop need not state the precise criminal

violation prompting the stop as long as the State can specify the statute which was possibly violated by defendant's conduct. The test is whether the officer had a reasonable and *articulable* suspicion that defendant had committed a crime, not whether he correctly *articulated* the probable violation. Here, as in *Houlihan*, the facts disclose reasonable grounds warranting an investigative intrusion.

Both parties agree that the standard of review is whether the trial court's decision on the petition to rescind was manifestly erroneous. In this case, the officer's investigatory stop of defendant's vehicle was justified; thus, we conclude that the trial court's refusal to rescind the summary suspension of defendant's driving privileges was not erroneous.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

SLATER and STOUDER, JJ., concur.