THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* HILTON GARMAN, JR., Defendant-Appellee.

Third District   No. 3—83—0385

Opinion filed April 19, 1984.

HEIPLE, J., dissenting.

Gary L. Morris, Assistant Corporation Counsel, of Peoria, for the People.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The State appeals the trial court's order suppressing evidence that was the product of a police stop of the defendant's car. Also before this court is the State's motion to file certification that the suppression order totally impairs its ability to prosecute the case. We take the motion with the case and affirm.

The facts of the case, which are not in controversy, were set forth in the testimony of Peoria police officer Sauer at a hearing on the defendant's motion to quash his arrest. Officer Sauer was on patrol at 10 p.m. on October 14, 1982. Two girls aged approximately nine and 10 flagged down the officer and excitedly told him that a man driving a car had just yelled something at them and asked them to come over to the man's car. The girls did not know what the man had said but it had startled and scared them. The girls pointed out a moving car as the described vehicle. The officer, without identifying the girls, started after the vehicle they pointed out.

With use of his overhead lights the officer stopped the identified vehicle. After stopping the vehicle the officer noticed the car's license plates had expired. The officer talked with the car's driver, Hilton Garman, Jr., the defendant. The defendant denied that he had scared the girls but admitted he had said something to them. The officer testified that he was satisfied that the defendant had not harmed the girls but, after observing the defendant's action and speech, he ar-

rested the defendant on charges of driving under the influence of alcohol and no valid registration.

At the close of Officer Sauer's testimony, defense counsel rested. The trial court found that the defense had not met its burden and denied the defendant's motion. On the defendant's motion for rehearing and after receipt of further argument and memoranda, the court reversed its original decision and entered an order quashing the defendant's arrest. The State filed a timely notice of appeal.

■ We first address the State's motion to file certification instanter. The defendant in his brief, in addition to addressing the merits, argued that we should dismiss the appeal since the State had not filed the certification required for it to pursue this interlocutory appeal under Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)) and *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501. After the filing of the defendant's brief, the State filed with this court its certification that the trial court's suppression order had totally impaired the State's prosecution of the defendant and its motion to file the certification. We grant the State's motion and allow the appeal. The filing of the certification properly may be filed in the reviewing court. *People v. Kantowski* (1983), 98 Ill. 2d 75, 455 N.E.2d 1379.

We now address the substance of the State's argument. It is the State's position that before Officer Sauer stopped the defendant's vehicle, he had an articulable suspicion that the defendant was committing or had committed the offense of disorderly conduct. (Ill. Rev. Stat. 1981, ch. 38, par. 26—1(a)(1).) Under the Criminal Code of 1961, "A person commits disorderly conduct when he knowingly: (1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace ***." (Ill. Rev. Stat. 1981, ch. 38, par. 26—1(a)(1).) According to the State, the officer had an articulable reason for stopping the defendant based on the girls' apparent alarm and his concern for the girls' wellbeing.

Stopping an automobile and detaining its occupants constitute a "seizure" within the meaning of the fourth and fourteenth amendments to the United States Constitution. Accordingly, such a seizure is justified only if it meets the requirement of "reasonableness." (*Delaware v. Prouse* (1979), 440 U.S. 648, 653, 59 L. Ed. 2d 660, 667, 99 S. Ct. 1391, 1396.) Reasonableness is determined by balancing the need for official intrusion against the constitutionally protected interests of the private citizen. In justifying his action a police officer must point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion. *Terry v. Ohio* (1968), 392 U.S. 1, 21, 20 L. Ed. 2d 889, 905-06, 88 S.

Ct. 1868, 1879-80.

In Illinois this standard has been codified to provide that an identified police officer "may stop any person in a public place for a reasonable period of time when the officer reasonably infers from the circumstances that the person is committing, is about to commit or has committed an offense" under the Code of Criminal Procedure of 1963. Ill. Rev. Stat. 1981, ch. 38, par. 107—14.

On rehearing, the trial court found that the information available to Officer Sauer, before he stopped the defendant, was insufficient for the officer to have had an articulable suspicion which warranted the stop.

■■ A reviewing court will not disturb the circuit court's finding on a motion to suppress unless that finding is determined to be manifestly erroneous. (*People v. Reynolds* (1983), 94 Ill. 2d 160, 445 N.E.2d 766.) Based on the record before us we cannot say that the circuit court's finding was manifestly erroneous. The officer did not know the girls' identities and knew nothing more of potential wrongdoing by the defendant than what the girls reported to him. While the girls told the officer that they had been startled by the fact that the defendant had yelled to them, they had not understood many of the defendant's words. Furthermore, the defendant apparently drove away unremarkably when the girls ran from him.

Accordingly, the order of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY, J., concurs.

JUSTICE HEIPLE, dissenting:

At approximately 10 p.m. on a street in Peoria, two young girls, ages nine and 10, were frightened by a lone man in a car who stopped and shouted at them. The stranger drove off after the girls ran away. Very soon after this incident, the girls flagged down a Peoria police officer and told him that a man in a car had stopped, asked them to come over to the car and shouted some words they could not understand. The girls pointed to a car which was moving down the street. The officer pursued and stopped the car. The driver was found to be drunk and without a valid motor vehicle registration. He was arrested and charged accordingly.

The trial court found that the circumstances prior to the stop did not permit the officer to reasonably infer that the defendant had com-

mitted or had been about to commit a criminal offense so as to justify the investigatory stop which led to the arrest. The court granted the defendant's motion to suppress the evidence arising from the arrest. The majority affirms. I dissent.

An investigatory stop is proper when, based on the totality of the circumstances, the detaining officer has a particularized and objective basis for suspecting the person stopped of criminal activity. This test deals with probabilities rather than certainties. The evidence available to the officer must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement. *United States v. Cortez* (1981), 449 U.S. 411, 66 L. Ed. 2d 621, 101 S. Ct. 690.

According to the majority, there are three reasons why the officer had no right to stop the defendant: (1) the officer did not know the girls' identities; (2) he was relying solely on information provided by the girls and (3) the defendant drove away without doing anything else. These factors are insignificant. They do nothing to diminish the strong probability, based on the circumstances of this case as viewed by a trained police officer, that the defendant had been engaged in the offense of disorderly conduct or was about to engage in even worse activity until the girls ran away and summoned the police.

The important considerations here are the nature of the girls' complaint, their frightened demeanor, and the fact that they specifically identified the defendant's car which was still in sight. The two girls were nine and 10 years of age. The location was a city street. It was 10 o'clock at night. The defendant, who was a stranger, stopped his car by the two girls, asked them to come over to the car, and shouted unintelligible words to them through the car window. They were frightened. Fortuitously, a police car came along almost immediately and these two young, frightened girls flagged the police car and reported the incident to the officer. The majority seems to regard the defendant's conduct as presumptively innocent. I do not. There is nothing presumptively innocent about a strange man in a car attempting to entice two young girls on a public street at night to approach his vehicle. Such conduct should not be taken lightly and must be investigated when brought to the attention of a police officer.

I find that under these circumstances, the *Cortez* test permitted the officer to act immediately. He was not obliged to wait, question the girls further while the defendant drove away, and risk the possibility that the girls may not have seen the car's license number or might not be able to describe the car from memory.

This was a proper investigatory stop. The court's order granting

the defendant's motion to suppress was manifestly erroneous and should be reversed. The suppression of evidence in this situation represents yet another instance of an overweening judicial concern for the supposed rights of the lawbreaker at the expense of the general public.