THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN R. KENNEDY, Defendant-Appellee.

Third District   No. 3—85—0407

Opinion filed June 5, 1986.

Tony L. Brasel, State's Attorney, of Watseka, for the People.

Kay L. Johnson, of Ackman, Marek, Boyd & Simutis, Ltd., of Watseka, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Following an implied-consent hearing conducted pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1), the trial court found no probable cause and dismissed the complaint charging the defendant with driving under the influence of alcohol (DUI). From that ruling the State appeals, arguing that the officer's observations after lawfully stopping the defendant, John R. Kennedy, constitute probable cause to arrest him for driving under the influence of alcohol (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501).

On April 14, 1985, the defendant was arrested for DUI. In Watseka police officer Michael DeMarse's affidavit, he stated that at the time of arrest, he believed the defendant was DUI because the defendant drove 20 miles in excess of the speed limit, staggered when he exited his vehicle, emanated a strong alcoholic odor, failed a field sobriety test, and refused to submit to a chemical test pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1).

The evidence at the implied-consent hearing established the following facts. At approximately 2:20 a.m. on April 14, 1985, Officer DeMarse observed the defendant driving at an excessive speed. For two blocks, Officer DeMarse paced the defendant's vehicle with his calibrated speedometer and concluded that the defendant was traveling at 50 miles per hour in a 30-miles-per-hour zone. At the time Officer DeMarse activated his mars lights, he did not suspect that the defendant was DUI. After traveling another one-half mile, the defendant stopped his car.

According to Officer DeMarse, the defendant stumbled from his vehicle and admitted that he had consumed one or two beers. At that point, Officer Charles Potts arrived at the scene. Both officers smelled alcohol on the defendant's breath. Officer DeMarse asked the defendant to walk what he described as a white, level shoulder line. Officer DeMarse and Officer Potts, from his squad car 20 feet away, observed the defendant sway and twice lose his balance and fall off the line. The defendant was unable to touch his right index finger to his nose but managed to touch the joint of his left index finger to his nose. Even though Officer DeMarse was able to converse with the defendant, he concluded that the defendant was DUI based on the field test results and his observations that the defendant had droopy, bloodshot eyes and

spoke with a "thick tongue." Officer Potts characterized the defendant as slow, cautious, and wobbly. After arresting the defendant for speeding and DUI, Officer DeMarse transported the defendant to the Iroquois County jail. There, despite Officer Potts' request and explanation of the consequences of refusal, the defendant refused to submit to a breath test.

The defendant testified that en route to his home that evening, he noticed that the speed limit changed from 30 to 55 miles per hour near the bridge in Watseka. One-half mile beyond the bridge, the defendant noticed a vehicle with unlit headlights following him. Several blocks later, when the defendant heard sirens, he was traveling at 50 or 55 miles per hour. As soon as the defendant located a safe spot along the road, he stopped his car on the slightly inclined shoulder. When the defendant opened his car door, it partially shut and caused the defendant to lean on it as he exited the vehicle. The defendant walked toward Officer DeMarse and handed him his license. The officer requested that defendant perform field sobriety tests. On his second attempt, the defendant touched his right index finger to his nose. Then he touched the joint of his left index finger to his nose. The defendant admitted that he had difficulty walking 10 feet, but did not recall falling off a straight, rough crack in the roadway. The defendant generally understood the consequences of refusing a breath test, but thought the test unnecessary since he passed the field tests.

The court found that the defendant's speeding did not constitute probable cause to arrest the defendant for DUI. The court refused to consider the circumstances subsequent to the stop. From the court's dismissal of the complaint, the State appeals.

At an implied-consent hearing, the State must establish by a preponderance of the evidence that the arresting officer had reasonable grounds to believe the defendant was DUI. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1.) For arrest purposes, reasonable grounds and probable cause are synonymous, and are based upon whether the officer has sufficient information to believe the defendant was DUI. (*People v. Bafia* (1983), 112 Ill. App. 3d 710, 445 N.E.2d 878.) The officer may base his reasonable belief on observations following the act of driving (112 Ill. App. 3d 710, 717, 445 N.E.2d 878), and need not have actually seen the defendant drive to reasonably conclude that he was DUI (*People v. Wolsk* (1983), 118 Ill. App. 3d 112, 454 N.E.2d 695).

After Officer DeMarse stopped him for speeding, the defendant acknowledged that he had been drinking. Thereafter, but prior to his arrest, the defendant exhibited the usual signs of intoxication. The defendant had difficulty walking, reeked of alcohol, had bloodshot eyes,

spoke with a "thick tongue," and had difficulty performing field sobriety tests. In Officer DeMarse's opinion, based on the defendant's appearance and conduct, the defendant was intoxicated.

We find that the trial court erred in limiting its finding of no probable cause to arrest the defendant for DUI to observations of driving behavior. The court deliberately disregarded material evidence of inebriation, discovered subsequent to the stop, which justified a reasonable belief that the defendant was DUI. We find that the officer had probable cause to arrest the defendant for DUI.

Accordingly, we find the ruling of the circuit court of Iroquois County against the manifest weight of the evidence. We reverse and remand this cause with directions that the court enter a finding of probable cause.

Reversed and remanded with directions.

SCOTT and WOMBACHER, JJ., concur.