THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT COLLINS, Defendant-Appellee.

Third District   No. 3—86—0249

Opinion filed February 3, 1987.

Tony L. Brasel, State's Attorney, of Watseka (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Ronald Boyer, of Watseka, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Following his breathalyzer test, which revealed a blood-alcohol concentration of .24, the defendant, Robert Collins, received a notice of summary suspension of his driver's license. He subsequently filed a petition to rescind the statutory suspension alleging, *inter alia*, that the arresting officer had not had reasonable grounds to believe the defendant was driving while under the influence of alcohol. The trial court granted his petition, finding that there was no basis for the stop and no probable cause for the arrest. The State appeals.

At the hearing on the petition, the defendant testified that approximately one block before reaching the arresting officer's car, which was traveling in the oncoming lane, he intentionally drove into that lane in order to go around a car parked in his lane. The arresting officer testified that he could not remember whether a car had been parked in the defendant's lane. He further testified that upon seeing the defendant drive across the center line he turned around, followed the defendant, and saw the defendant twice more cross into the oncoming lane. The officer admitted, however, that in completing the summary-suspension form the only reason he gave for stopping the defendant was his first observation of the defendant's car crossing the center line.

■ To stop an automobile, a police officer must have an articulable and reasonable suspicion that the motorist is unlicensed, that the automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law. (*Delaware v. Prouse* (1979), 440 U.S. 648, 59 L. Ed. 2d 660, 99 S. Ct. 1391.) This is the test.

In *People v. Kennedy* (1986), 144 Ill. App. 3d 4, 493 N.E.2d 1211, this court reversed the trial court's finding that the defendant's speeding did not constitute probable cause to arrest the defendant for driving while under the influence (DUI). In *Kennedy* the police officer observed the defendant driving at an excessive speed. The officer then paced the defendant's vehicle with his calibrated speedometer and determined that the defendant was traveling at 50 miles per hour in a 30-miles-per-hour zone. After stopping the defendant for speeding, the officer observed evidence of drinking. The officer arrested

the defendant for DUI after he failed several field sobriety tests. In reversing the trial court, this court found that the trial court erred in limiting its finding of no probable cause to arrest the defendant for DUI to observations of speeding prior to the stop.

The instant case, however, is distinguishable from *Kennedy*. Here, the trial court found there was no initial traffic violation to justify the investigatory stop by the police officer. The arresting officer did not refute defendant's claim that he swerved to avoid a parked car. In addition, the officer admitted he did not issue any traffic violations for improper lane usage.

In deciding that there was no basis for the stop and no probable cause for the arrest, the trial court stated that the officer's testimony was only that the defendant had crossed the center line and that the officer could not deny that the defendant was avoiding a parked car. The evidence was insufficient, said the court, to show that the defendant had created any hazard by crossing the center line.

■ Although the breathalyzer test administered subsequent to the stop and arrest clearly demonstrated that the defendant was, in fact, intoxicated, nevertheless, this evidence was tainted by the constitutionally improper stop. (*People v. Mills* (1983), 115 Ill. App. 3d 809, 450 N.E.2d 935.) Absent the fruits of the improper stop, there was no probable cause to arrest the defendant for DUI. See *Mapp v. Ohio* (1961), 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684.

■ A reviewing court will not disturb the circuit court's finding on a motion to suppress unless that finding is determined to be manifestly erroneous. *People v. Garman* (1984), 123 Ill. App. 3d 682, 463 N.E.2d 158.

■ Based on the record before us, we cannot say that the circuit court's finding was manifestly erroneous. The defendant gave an unrefuted, reasonable explanation for his safe usage of the oncoming lane. The trial court was not bound to believe the officer's testimony regarding the alleged other incidents not listed on the summary-suspension form. *Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 347 N.E.2d 278.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

SCOTT, P.J., and BARRY, J., concur.