THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. VINCENT LILLIG, Defendant-Appellee.

Third District   Nos. 3—87—0647, 3—87—0838 cons.

Opinion filed September 21, 1988.

Tony L. Brasel, State's Attorney, of Watseka (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Ronald Boyer, of Watseka, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Vincent Lillig, was charged with driving under the influence of alcohol and failure to drive on the right half of the roadway. The trial court judge of Iroquois County granted the defendant's petition to rescind the statutory suspension of his (defendant's) driver's license. Thereafter the trial court granted defendant's motion to

quash arrest and to suppress evidence. From these rulings the People appeal.

During the proceedings before the trial court testimony was received from two witnesses. One was Officer Robert Williams, the arresting officer, and the other was the defendant. The trial court heard testimony from each which was highly contradictory.

Officer Williams testified that at approximately 3:17 a.m. on August 1, 1987, he stopped an automobile being driven by the defendant and performed an intoxilyzer test on the defendant which disclosed a reading of .10.

Officer Williams further testified that he first saw the defendant's automobile proceeding eastbound on U.S. Highway 24 about one mile east of Crescent City, Illinois; that he (Williams) was traveling westbound on the same highway, and that he turned his car around and drove at speeds in excess of 100 miles per hour in order to catch up with defendant's vehicle. As he followed defendant's vehicle he saw two of its tires cross the center line on several occasions. The officer also saw the vehicle run off the edge of the road several times and observed the defendant's vehicle cross entirely into the westbound lane of traffic when going around a curve.

The substance of defendant's testimony was that he was traveling eastbound on U.S. Route 24 at the approximate time and on the date when he was arrested. While driving he observed a vehicle approaching the highway from a side road. After passing the side road the defendant through his rear view mirror saw the vehicle turn onto U.S. 24 and it rapidly caught up with the defendant's car and within a very short time the defendant was stopped. The defendant testified that he did not cross the center line, did not drive off the road, and did not engage in any erratic driving. The defendant did testify that he was driving in excess of the speed limit when he entered the curve referred to by Officer Williams.

The trial judge chose to believe the defendant and characterized the officer's conduct as "harassment" which was totally unjustified. The trial judge expressed the opinion that defendant was stopped because he was a young male driver on the highway at 3:17 a.m.

■ We are cognizant of the hornbook rule of law that the trier of facts is in a position to determine the credibility of witnesses and the weight to be given their testimony. This court has repeatedly adhered to the rule that it will not disturb the circuit court's finding on a motion to suppress unless that finding is determined to be manifestly erroneous. *People v. Garman* (1984), 123 Ill. App. 3d 682, 463 N.E.2d 158; *People v. Collins* (1987), 154 Ill. App. 3d 149, 506 N.E.2d 963.

██ The test for determining the propriety of an automobile stop by a police officer is whether the officer had a reasonable, articulable suspicion of criminal activity to warrant the stop. *People v. Collins* (1987), 154 Ill. App. 3d 149, 506 N.E.2d 963; *People v. Repp* (1988), 165 Ill. App. 3d 90.

██ A close reading of the testimony in the instant case discloses that Officer Williams had more than an articulable suspicion of criminal activity because defendant acknowledges that he was driving in excess of the speed limit. It is not denied that the officer followed defendant's vehicle for approximately 2½ miles before making the stop. Officer Williams testified, however, that after he noticed the defendant's vehicle cross the white lines which marked the edge of the highway, he had to turn his vehicle around and then drive at speeds in excess of 100 miles per hour before he could overtake and stop the defendant. The stop was a proper one, and once it was determined that defendant was under the influence of alcohol, there was cause for arrest.

Accordingly, we reverse the trial court's orders which rescinded the suspension of defendant's driver's license, quashed his arrest and suppressed evidence, and remand the case to the circuit court of Iroquois County for further proceedings.

Reversed and remanded.

HEIPLE and BARRY, JJ., concur.