THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DAVID P. O'BRIEN, Defendant-Appellee.

Second District   No. 2—91—0034

Opinion filed March 24, 1992.—Rehearing denied May 28, 1992.

Gary V. Johnson, State's Attorney, of Geneva (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

The State appeals pursuant to Supreme Court Rule 604(a)(1) (134 Ill. 2d R. 604(a)(1)) from an order of the circuit court of Kane County which granted the motion of defendant, David P. O'Brien, to quash his arrest and suppress evidence. The sole issue raised by the State on appeal is whether the trial court erred in granting defendant's motion to quash his arrest and suppress evidence regarding the offenses of driving under the influence of alcohol and speeding. The State does not argue the propriety of the trial court's rescission of defendant's summary suspension, and, therefore, we do not address that portion of the trial court's judgment.

On September 30, 1990, defendant was charged with the offenses of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(a)(2)) and speeding 35 miles per hour in a 25-mile-per-hour zone (Ill. Rev. Stat. 1989, ch. 95½, par. 11—601). Also on that date, Officer Craig Bahe prepared a "law enforcement sworn report" and served notice upon defendant of the summary suspension of his driver's license pursuant to section 11—501.1 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1) based on his refusal to submit to a breathalyzer test.

On October 10, 1990, defendant filed a petition to rescind the statutory summary suspension of his driver's license and a motion to quash his arrest and suppress evidence. A hearing regarding defendant's petition and motion was held on December 18, 1990.

Michael Bergmann, a friend of defendant, testified that he and defendant went to a bar at about 11:30 p.m. on September 29, 1990. They each had "maybe two beers" at the bar. They left the bar at approximately 1:30 a.m. and drove to a party but did not stay or have anything to drink there. They then left in Bergmann's car and went to Bergmann's house. Defendant left his car at the party. At Bergmann's house they had pizza and soda. Bergmann drove defendant to his car at approximately 3:30 a.m. Bergmann stated that defendant was not under the influence of alcohol at that time.

Officer Craig Bahe testified that he observed defendant's vehicle at approximately 4 a.m. on September 30, 1990. He followed defend-

ant's vehicle for some time through a residential area. Bahe was attempting to catch up with the vehicle to get a "pace" or a reading of the vehicle's speed. The speed limit was 25 miles per hour, and Bahe was travelling approximately 40 miles per hour. Bahe estimated that defendant was travelling in excess of 40 miles per hour but was never able to get a reading of his speed. Defendant eventually pulled into a driveway, and Bahe followed him.

Bahe testified that defendant got out of his vehicle. Bahe spoke with him and observed that defendant had a moderate odor of alcohol on his breath, had difficulty with his balance, had bloodshot eyes and had slurred speech. Bahe then asked defendant to perform field sobriety tests. Defendant failed the horizontal gaze nystagmus (HGN) test and the one-leg stand test. Bahe testified that he had defendant attempt the one-leg stand test on the driveway. The driveway was pitched but did not have a severe slope. Bahe placed defendant under arrest before the walk and turn test was completed. Defendant was not able to keep his balance while he was walking during that test. It was Bahe's opinion that defendant was under the influence of alcohol at that time. Bahe testified that he had written the most DUI arrests for St. Charles in 1989 and 1990.

Defendant testified that, on the night of his arrest, he drank two or three 12-ounce beers at Sam's Tavern between 11:30 p.m. and 1:30 a.m. He was very tired when he was driving home from Bergmann's house at around 4 a.m. but was not under the influence of alcohol and was not having any difficulty driving. Defendant testified that he was driving between 30 and 35 miles per hour. He stated that the speed limit in the residential area was 25 miles per hour. Defendant testified that he told Bahe he was in a hurry to get home. He also testified that Bahe asked him if he had had anything to drink that night and that he told Bahe that he had a couple of beers earlier.

Defendant testified that he was unable to do the one-leg stand test. He stated that the driveway at his residence is pitched at a 45-degree angle, and he kept losing his balance. Defendant stated that he had completed half of the walk and turn test when Bahe arrested him.

Following this testimony, the trial judge made the following remarks:

"I've been hearing hearings of this nature for a number of years and I've never encountered this particular officer before. I thought his testimony and his mannerisms on the witness stand were incredible. He would smile and chuckle at inappro-

priate times. He would have a convenient lapse of memory when being questioned by the attorney for the Defendant."

The judge also commented that he thought that Bahe was simply following defendant because he saw another vehicle on the road at that late hour.

He finally stated:

> "So I think that the Defendant has met his burden of proof. I'm not satisfied that there was any reasonable grounds to believe that the Defendant was driving under the influence. I emphasize the word 'driving.' I haven't heard a single significant fact about his driving that indicates that he was impaired in any way.
>
> At 4:00 in the morning he's got a ticket for going 35 in a 25 zone. That's probably one of the cheapest speeding tickets I've seen in a long time, so I don't think that we have anything there."

He then granted defendant's petition to rescind the summary suspension of his driver's license and also granted his motion to quash arrest. The State filed a timely certificate of impairment and notice of appeal.

On appeal, the State is not contesting the order which granted defendant's petition to rescind the statutory summary suspension of his driver's license. The State argues, however, that the trial court erred in granting defendant's motion to quash arrest and suppress evidence regarding the offenses of speeding and DUI. The State contends that the record is clear that Bahe's stop of defendant was valid because defendant's own testimony established that he committed the offense of speeding. The State asserts that the court's order quashing defendant's arrest and suppressing evidence should be reversed and the cause should be remanded for a determination of whether Bahe had probable cause to arrest defendant for DUI.

Defendant has not filed an appellee's brief in response. We will, however, consider the appeal under the standard set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

With respect to a motion to suppress evidence, a defendant has the burden of proving that the search or seizure was unlawful. (See *People v. Janis* (1990), 139 Ill. 2d 300, 308.) A trial court's ruling regarding a motion to suppress evidence will not be overturned unless it is manifestly erroneous. *People v. Redd* (1990), 135 Ill. 2d 252, 289.

■ In this cause, we must agree with the State that the trial court erred in determining that the stop of defendant was improper.

In assessing the credibility of the witnesses at the hearing, the trial court determined that Bahe was not a credible witness. However, the State correctly points out that defendant himself testified that he was driving between 30 and 35 miles per hour and that the speed limit was 25 miles per hour.

The proper standard to apply in determining whether the stop of a defendant's vehicle is justified is whether the police officer had a reasonable, articulable suspicion of criminal activity. (*People v. Thomas* (1990), 200 Ill. App. 3d 268, 280; *People v. Repp* (1988), 165 Ill. App. 3d 90, 94.) A traffic violation, such as exceeding the posted speed limit, provides more than a reasonable basis for stopping a vehicle. (*People v. Sorrells* (1991), 209 Ill. App. 3d 1064, 1069; see also *People v. Washburn* (1990), 197 Ill. App. 3d 655, 657; *People v. Lillig* (1988), 174 Ill. App. 3d 647, 649; *People v. Houlihan* (1988), 167 Ill. App. 3d 638, 643.) We therefore conclude that the investigatory stop of defendant's vehicle was proper as defendant's testimony established that he was speeding at the time of the stop. We also conclude that Bahe had probable cause to arrest defendant for the offense of speeding. That arrest should not have been quashed by the trial court.

As the State has recognized, however, this does not end our inquiry. Defendant also presented evidence at the hearing regarding whether Bahe had probable cause to arrest him for DUI. The State argues that the trial court based its decision upon its "misapprehension" that there must be evidence that defendant was driving impaired before a finding could be made that probable cause existed to arrest defendant for DUI. The State contends that this cause must therefore be remanded so that the trial court can make a determination of the probable cause issue after "having acknowledged the existence of a valid stop." We conclude that a remand pertaining to this issue is not necessary.

■ We initially note that the State has cited no authority to support its assertion that evidence that defendant was driving impaired would not be necessary under these circumstances to support a finding of probable cause. The State is incorrect if it is suggesting that evidence of "driving impaired" is unnecessary, as probable cause exists if the police officer has sufficient knowledge to believe that a defendant was "impaired" at the time he was "driving." The State is correct, however, if it means that evidence that a defendant was observed driving in an impaired manner is not always necessary. See, *e.g.*, *People v. Wingren* (1988), 167 Ill. App. 3d 313, 322 (it is not necessary for the officer to observe the defendant driving).

The State has also cited no authority to support its argument that the correct procedure would be to remand the cause to the trial court. We further note that, in determining whether the trial court's ruling regarding a motion to suppress is manifestly erroneous, the important question is the correctness of the ruling and not the correctness of the court's reasoning in reaching that result. *People v. Faletti* (1991), 215 Ill. App. 3d 61, 64.

■ Here, the trial judge clearly stated that he found that Bahe was not a credible witness. It is the trial court's responsibility to weigh the evidence and determine the credibility of the witnesses (*People v. Redd* (1990), 135 Ill. 2d 252, 268), and "this court may not substitute its own judgment regarding the credibility of witnesses for that of the trial judge, who actually heard their testimony and observed their demeanor" (*People v. Roos* (1989), 181 Ill. App. 3d 682, 685). We therefore will not consider Bahe's testimony in determining whether the trial court's ruling was manifestly erroneous. *Cf. People v. Brodeur* (1989), 189 Ill. App. 3d 936, 941 (testimony of officer considered in determining whether the court's ruling was manifestly erroneous as the court's determination was not based upon a lack of credibility of the officer); *Wingren,* 167 Ill. App. 3d at 321 (officer's testimony considered where the trial court found the testimony truthful and credible).

■ To determine whether the probable cause requirement has been met, a court must determine whether a reasonable and prudent person who has the knowledge possessed by the officer at the time of the arrest would believe that the defendant committed the offense. (*People v. Tisler* (1984), 103 Ill. 2d 226, 237; *Brodeur,* 189 Ill. App. 3d at 940.) Defendant testified that he was speeding approximately five miles per hour above the speed limit in a residential area at 4 a.m. He informed Bahe that he had a couple of beers "earlier." He was unable to perform successfully the one-leg stand test because of the sharp incline of the driveway and had completed one-half of the walk and turn test when he was arrested. Both defendant and Bergmann testified that defendant did not have any alcoholic beverages after 1:30 a.m. and was not under the influence of alcohol. Based on this testimony, it is not clear that probable cause to arrest defendant for DUI existed. Therefore, we must conclude that the trial court's ruling which quashed defendant's arrest for the offense of DUI was not manifestly erroneous.

For the foregoing reasons, we reverse that portion of the trial court's order which quashed defendant's arrest for the offense of speeding and remand the cause for further proceedings. We affirm

that portion of the trial court's order which quashed defendant's arrest for the offense of DUI.

Affirmed in part; reversed in part and remanded.

INGLIS, P.J., and BOWMAN, J., concur.