THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL ROSEMEIER, Defendant-Appellee.

Second District   No. 2—92—1380

Opinion filed March 22, 1994.

Michael P. Bald, State's Attorney, of Freeport (William L. Browers and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE COLWELL delivered the opinion of the court:

The State appeals the trial court's order quashing the arrest of defendant, Michael Rosemeier, and suppressing evidence. The State contends that the court's finding that a State trooper lacked a reasonable articulable basis to stop defendant's car was manifestly erroneous.

Defendant was charged with driving with a revoked license. (625 ILCS 5/6—303 (West 1992).) He filed a motion to quash his arrest and suppress evidence, which the court granted.

Defendant was driving west on Route 20 about 3:30 a.m. on March 29, 1992. At the same time, Trooper William Kearney was driving east on Route 20 near the intersection of Brown Hills Road. Kearney spotted defendant's car about a quarter mile ahead of him. Kearney activated his radar and obtained a reading of 45 miles per hour. He felt this was unusual, because the average speed of cars on Route 20 at that hour of the night was between 55 and 70 miles per hour.

Kearney turned around at the intersection of Brown Hills Road and followed defendant's car. He testified that he noticed defendant's left tires cross the center line twice and "kind of weave back into the drive lane." Kearney felt that the driver was not paying attention, was tired, or was driving under the influence of alcohol or drugs. He therefore stopped defendant's car.

As the officer approached the car, defendant volunteered that his license was revoked. He explained that the car belonged to his friend, who was in the passenger seat but was too intoxicated to drive. Defendant admitted having had "a couple of beers," but passed a field sobriety test.

At the point where defendant had been driving, Route 20 has two lanes in each direction, separated by a grass median. It was raining on March 29. There are no streetlights in that area, so it was very dark.

Defendant testified that he did not remember his tires crossing the lane marker. On redirect examination, he stated that if his wheels had crossed the line, it was prior to the officer's beginning to follow him. It could not have been while the officer was following him, because he was "really cautious then."

The court granted defendant's motion, finding:

"Given the outset [sic] I think there is merit to the defendant's contention that there wasn't a reasonable articulable cause or circumstance which would give cause to give a belief that the defendant had committed, was committing or was about to commit a traffic offense. I have heard no evidence that he committed any traffic offense or was about to commit a traffic offense. Accordingly

the arrest in question is quashed and the defendant is ordered discharged."

The State filed a timely notice of appeal, and now contends that the court erred in granting defendant's motion. The State contends that the court incorrectly believed that the officer had to observe a traffic violation in order to make an investigatory stop. Alternatively, the State argues that the court gave undue weight to defendant's ambiguous testimony about crossing the center line.

We note that defendant has failed to file an appellee's brief. We will, however, consider the appeal under the standard set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128. See *People v. O'Brien* (1992), 227 Ill. App. 3d 302, 305.

A police officer may briefly stop and detain an individual to investigate the possibility of criminal behavior absent probable cause to arrest. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868; Ill. Rev. Stat. 1991, ch. 38, par. 107—14 (now 725 ILCS 5/107—14 (West 1992)).) To justify the stop, the officer must identify specific and articulable facts and reasonable inferences drawn from his experience which warrant the investigative intrusion. *People v. Scott* (1992), 148 Ill. 2d 479, 503; *People v. Harper* (1992), 237 Ill. App. 3d 202, 205.

The State correctly contends that an officer need not actually witness a violation in order to effect a traffic stop. (*People v. Houlihan* (1988), 167 Ill. App. 3d 638, 644.) Weaving, even within defendant's own lane, may provide reasonable grounds for a *Terry* stop where the officer believes defendant may be under the influence of drugs or alcohol. *People v. Loucks* (1985), 135 Ill. App. 3d 530, 533.

In the cases the State cites, facts giving rise to a reasonable suspicion were essentially undisputed. (See *People v. O'Brien* (1992), 227 Ill. App. 3d 302 (defendant admitted speeding); *Village of Lincolnshire v. DiSpirito* (1990), 195 Ill. App. 3d 859 (defendant admitted he crossed into opposite lane while turning); *People v. Houlihan* (1988), 167 Ill. App. 3d 638 (officer heard loud noise and saw object underneath defendant's car); *People v. Repp* (1988), 165 Ill. App. 3d 90 (defendant admitted he drove with tires on lane marker).) In this case, by contrast, defendant did not admit that his wheels crossed the center line. He stated clearly on redirect examination that he did not cross the lane marker while Trooper Kearney was following him. The trial court apparently believed this testimony, finding no "reasonable articulable cause" to believe that defendant had committed or was committing a traffic violation.

The trial court has the responsibility to determine the credibility of the witnesses. (*O'Brien*, 227 Ill. App. 3d at 307.) The trial court's

remarks show that it accepted defendant's testimony that defendant was not weaving during the period the officer observed him and quashed his arrest on that basis. The State quotes the last sentence of the court's remarks and argues that the court incorrectly believed that the officer was required to observe a statutory violation before effecting a stop. However, the full context of the court's remarks demonstrates that the court applied the correct legal standard. The court found that there were no grounds to believe that defendant had committed or was about to commit an offense.

For the foregoing reasons, the circuit court's order is affirmed.

Affirmed.

INGLIS, P.J., and GEIGER, J., concur.